# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES D. RUSSIAN,

    *Petitioner,*

vs.

    Case No. 17-3163-EFM

UNITED STATES OF AMERICA,

    *Respondent.*

## MEMORANDUM AND ORDER

    This matter comes before the Court on Petitioner James D. Russian's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241(c)(1)(3) (Doc. 5). Russian has also asked the Court to enter default judgment in his favor (Doc. 10). For the reasons explained below, the Court dismisses Russian's habeas petition without prejudice and denies his motion for default judgment.

### I.     Factual and Procedural Background

    On June 17, 2015, a jury convicted Russian of: (1) one count of being a felon knowingly in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2) one count of being a felon knowingly in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1); (3) knowingly possessing a firearm in furtherance of a drug trafficking crime, namely possession with intent to distribute a controlled substance, in violation of 18 U.S.C. § 924(c)(1)(A); and (4) knowingly

and intentionally possessing, with the intent to distribute, marijuana, a controlled substance, in violation of 21 U.S.C. § 841(a)(1). On September 3, 2015, the Court sentenced Russian to a total term of 137 months' imprisonment on Counts 1-4, followed by two years of supervised release.

Russian filed a direct appeal to the Tenth Circuit Court of Appeals, arguing that the Court erred in calculating his sentence. The Tenth Circuit agreed with Russian and remanded the case to this Court for resentencing. The Court resentenced Russian on July 17, 2017. This time, the Court sentenced Russian to 101 months' imprisonment followed by two years of supervised release. In addition, the Court denied Russian's motion to replace his appointed counsel.

The following day, Russian filed a second appeal to the Tenth Circuit, arguing that the Court abused its discretion by denying his motion to replace appointed counsel and challenging two conditions of his supervised release. The Tenth Circuit affirmed the Court's denial of his request to replace counsel and the supervised release condition prohibiting Russian from engaging in activities that advocate the violation of the law. The Circuit vacated, however, the supervised release condition requiring Russian to participate in a substance abuse program. Specifically, the Tenth Circuit found that the Court "plainly erred by delegating the decision of whether Mr. Russian needs to participate in a residential treatment program to the probation office," because such delegation violates Article III of the U.S. Constitution. The Tenth Circuit remanded the case to this Court for resentencing with the instruction to consider "whether to reimpose this condition in compliance with Article III of the Constitution."

In compliance with these instructions, the Court conducted a second re-sentencing hearing on July 30, 2018. During the hearing, the Court decided not to impose any condition of substance abuse treatment upon Russian. Russian's counsel then notified the Court that Russian declined his representation. Addressing the Court personally, Russian asked the Court to take

judicial notice of certain matters under Rule 201. The Court declined and ordered a new journal entry be prepared reflecting that the Court vacated the condition of supervised release requiring substance abuse treatment. Russian filed a third notice of direct appeal to the Tenth Circuit on August 13, 2018, which is still pending.

Additionally, on October 26, 2018, Russian filed a petition for writ of certiorari to the Supreme Court on the issues he lost during his second appeal, *i.e.*, the Tenth Circuit's affirmance of the Court's decision to deny him new counsel and the supervised release condition prohibiting him from engaging in activities that advocate the violation of the law. That petition for writ of certiorari was denied on December 3, 2018.

Russian filed the instant habeas proceeding on October 18, 2017, during the time his second appeal to the Tenth Circuit was pending. Russian prepared this petition using the Form AO 242 (12/11) Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Russian states that the basis for his petition is "bad faith breach of contract, unlawful restraint of liberty, colour [sic] of authority based on the illegal 'good faith' exception." Russian asks the Court to find that he is being unlawfully imprisoned and "to restore his liberty."

On November 21, 2017, the Court issued an Order to Show Cause notifying the Government that Russian filed a habeas petition pursuant to § 2241 and ordering it to show cause as to why the petition should not be granted. Almost one month later, on December 18, 2017, Russian filed an Affidavit of Default and Default Judgment for a Sum That Can Be Made Certain By Computation, alleging that the undersigned is in default and requesting the Clerk to enter

default judgment on his claim. On January 18, 2018, the Government timely filed its response to Russian's § 2241 petition.[1]

## II. Analysis

### A. Russian's Petition for Habeas Relief

Russian's habeas petition is identified as one brought under 28 U.S.C. § 2241 when it should be brought under 28 U.S.C. § 2255. "Generally, § 2255 provides the exclusive remedy for a federal prisoner attacking the legality of his detention."[2] The statute provides as follows:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.[3]

Accordingly, once a federal inmate has completed his direct criminal appeals, he may utilize § 2255 for any collateral challenge.[4]

A habeas petition under § 2241 is not an "additional, alternative, or supplemental remedy to [] § 2255."[5] It serves a "different and distinct purpose[]" from a petition filed under § 2255.[6] A § 2241 petition attacks the execution of a sentence by challenging "matters that occur at

---

[1] On December 12, 2017, the Government moved for an extension of time to file its response to Russian's petition. The Court granted the motion, giving the Government until January 19, 2018, to file its response.

[2] *Boose v. Maye*, 2016 WL 492745, at *2 (D. Kan. 2016) (citing *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999)).

[3] 28 U.S.C. § 2255(a).

[4] *Boose*, 2016 WL 492745, at *2.

[5] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citing *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)).

[6] *Boose*, 2016 WL 492745, at *3 (internal quotation marks and citation omitted).

-4-

prison, such as deprivation of good-time credits and other prison disciplinary matters."[7] A district court "lacks jurisdiction to consider a § 2241 petition that attacks an underlying federal conviction or sentence."[8]

Although "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,"[9] Russian's petition attacks the legality of his sentence and not its execution. Indeed, Russian's claims challenge the constitutionality of his conviction and sentence as a "bad faith breach of contract," with an "unlawful restraint of liberty," and seek the "restoration of his liberty." As grounds for these claims, he asserts (1) the violation of the Fourth Amendment because the warrant at issue in this case was not supported by probably cause; (2) the violation of the Fifth Amendment because the judges in this case have breached their contract; (3) the unlawful deprivation of liberty by the judges in this case due to the " 'good faith' exception by constructive fraud"; (4) a dissent authorized by Justice Stevens that purportedly states "this Court holds that although the Constitution has been violated, no court should do anything about it"; (5) the alleged lack of jurisdiction because he is a sovereign citizen; and (6) the violation of the Kansas Bill of Rights because of his status as a sovereign citizen. These are the types of grounds asserted in a § 2255 motion, not a § 2241 motion. Accordingly, the Court lacks jurisdiction to decide his petition under § 2241.

---

[7] *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); *see also Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000).

[8] *Laliberte v. U.S. Prob., Dist. of Kan.*, 2016 WL 7655797, at *1 (D. Kan. 2016) (citing *McInstosh*, 115 F.3d at 811-12).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

The Court has the option to recharacterize Russian's motion as one filed under § 2255, but it declines to do so.[10] Russian has filed a direct appeal of the Second Amended Judgment that is pending before the Tenth Circuit (Case No. 18-3173). "Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending."[11] Russian raises no "extraordinary" factor that is applicable to considering a § 2255 petition while his present appeal is pending. Therefore, there is no need to re-characterize Russian's § 2241 motion as one brought under § 2255 because the Court would be required to dismiss it as soon as it was recharacterized. Should Russian file a petition for habeas relief under § 2255 in the future, he should do so only after his appeal is final.[12]

**B.     Motion for Default Judgment**

Russian asserts that the undersigned is in default because the Court did not issue a writ within 20 days of his filing his Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on October 18, 2017. He further asserts that he has established his substantive right for an equitable remedy and asks the Clerk of the Court "to enter Default Judgment for this claim is a sum that can be made certain by computation mandated by 55(b)(1), against the UNITED STATES shown by affidavit now it must be entered." This request fails. Not only can the undersigned not be in default, but as discussed above, the Court does not have jurisdiction over his petition because he brought it under § 2241 instead of § 2255. Furthermore, even if Russian

---

[10] *Castro v. United States*, 540 U.S. 375, 383 (2003).

[11] *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993).

[12] Russian also should be aware that there is a one-year statute of limitations after the judgment becomes final to bring claims under § 2255 or his claims are barred.

asserted that the Government was somehow in default, his motion still fails because the Government filed a timely response to his petition. Accordingly, the Court denies Russian's motion for default judgment.

**IT IS THEREFORE ORDERED** that Russian's Motion for Default Judgment (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Russian's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241(c)(1)(3) (Doc. 5) is **DENIED WITHOUT PREJUDICE**.

This case is closed.

**IT IS SO ORDERED**.

Dated this 28th day of March, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE